Davis, J.,
delivered the opinion of the court:
The question presented by the demurrer is whether the facts pleaded show an implied-contract between these parties for the use by the defendants of plaintiffs’' alleged patented invention for a military rifle.
After allegations as to the issue of patent, not at this mo- . ment important, plaintiffs state, in substance, that to an army board organized to select a magazine rifle they submitted one invented by them; this also to another army board and to other army officers. The second board named in the petition recommended the adoption by defendants of the Krag-Jorgensen device, herein termed the “army rifle;” this about September 15, 1892. Some two months later one of the plaintiffs wrote the Chief of Ordnance of the Army stating (we quote from the/ petition) “that the inventions described in and protected by the said Letters Patent No. 230,823 were embraced, embodied, and included in the said army rifle,” and requested the “Chief of Ordnance to make provision for the payment of compensation to these claimants by the United States for the use of *161 said patent in the proposed manufacture of the said ‘army rifles.’”
To this was replied by defendants .that their business with the Krag-Jorgensen Company had not been completed; that this company might agree to indemnify defendants herein for loss incurred by the use of the army rifles, “and thereby the claimants would be provided with a remedy to be obtained from the said Krag-Jorgensen Gevserkompagni, or the Government might proceed to manufacture the said ‘ army rifles ’ without such an arrangement, in which case the claimants could obtain their remedy by suit against the United States in the Court of Claims after the manufacture had progressed.”
December 9, 1892, plaintiffs wrote the Chief of Ordnance that they could recover nothing from the Krag-Jorgensens, a foreign corporation, and again asked compensation. To this the Chief of Ordnance answered, suggesting an application to the Patent Office. This application was made with a claim that the army rifle contained plaintiffs’ devices. The Commissioner of Patents “declined to exercise any jurisdiction over the said claim.” Later (July 7, 1893) the Ordnance Department informed plaintiffs (after advising a statement of their case in writing) that an agreement had been made with the Krag-Jorgensen Company “whereby [we still quote the petition] the latter was required to indemnify the United States against all damages for infringements of patent rights which might arise in the manufacture of the said army rifle.”
An answer (November 22, 1893) was sent to this communication, stating plaintiffs’ position, following which (December 1, 1893) the Ordnance Department cited to plaintiffs this said clause in the Krag-Jorgensen agreement (Exhibit E to petition):
“The said party of the first part [the Krag-Jorgensen Company] shall indemnify the United States and all persons acting under them for all liability on account of any patent rights granted by the United States which may affect the right to manufacture herein contracted for.” The Ordnance Bureau added that these plaintiffs’ claim could not be determined by that Bureau.
The petition further states that General Flagler (Chief of Ordnance) contracted with the Krag-Jorgensens for “an unlimited number of the said army rifle,” they [Krag-Jorgen- *162 sen] claiming their invention to be sufficiently protected by patent.
The penalty of the Krag-Jorgensen’s bond to defendants was to be “to protect and defend the United States against all suits and claims by any and all persons for its infringement of their inventions in the manufacture of the said army rifle, and to pay all judgments that might be obtained against the United States for the same.”
The petition further alleges defendants’ use of Krag-Jor-gensen rifles, the payment to that company of roj^alties, and then comes therein this statement: “ But the Krag-Jorgensen Company then failed to furnish a bond to indemnify the United States as in the said contract provided, and the United States, for its indemnity and in lieu of such bond, did from time to time, prior to June 16, 1896, with the consent of the Krag-Jorgensen Company, withhold sums payable on account of the said royalties,” which amounted to a certain sum.
Finally plaintiffs, in substance, allege that certain army rifles manufactured and used by defendants included their inventions (patent 230823) — inventions not protected by the Krag-Jorgensen patent.
Such is the abstract of the petition through which plaintiffs seek to recover from defendants a royalty for use of a patented device. This recovery they can not have unless they show a contract, express or implied, between the parties to this action. Therefore, without inquiring as to the validity of the plaintiffs’ patent, we look to the petition alone [the hearing is on demurrer] to see what allegations therein appear showing such “a meeting of the minds” upon this matter as may make a contract. We find therein pleaded a submission of plaintiffs’ device to defendants’ army board, and the adoption by defendants of another device; then a demand made by plaintiffs upon defendants for compensation, urging that their “inventions” (theretofore patented) were in the new army rifle. Defendants, however, declined all responsibility in the matter, and referred plaintiffs to the Krag-Jorgensens for remedy, or to this court, saying that their (defendants’) “business with the Krag-Jorgensen Company had not been completed.”
Later, in response to plaintiffs’ statement that they could *163 recover nothing from the Krag-Jorgensens, the Chief of Ordnance advised an application to the Patent Office, and again later they were informed of the Krag-Jorgensen bond “to indemnify the United States against all damages for infringement of patent rights which might arise in the manufacture of the said army rifle.”
There is nothing in these facts to show that the defendants through their officers entered into or intended to enter into any contract with plaintiff's. The first answer plaintiffs received from the Department of War (Exhibit B) stated that “business arrangements with the Krag-Jorgensen Company for the manufacture of this arm have not yet been completed. * # * That company may agree to indemnify the United States on account of any patent rights granted by the United States which may affect the manufacture of the guns, in which case your recourse would be to communicate directly ■with the company.
“On the other hand, should the Government proceed to manufacture the arms without such arrangement, your course will be to bring a suit against the Government in the Court of Claims after manufacture has progressed.”
The Patent Office denied jurisdiction. The Ordnance Office said they could not determine the case.
In Schillinger’s case (24 C. Cls. R., 278) this court held, after a review of the authorities: “A careful examination of these cases shows that a contract to pay is implied whenever the Government, acting through a competent agent, takes or uses individual property, acknowledging explicitly or tacitly that the property is individual property.” (Affirmed by the Supreme Court, 155 U. S. R., 163. See also Berdans case, 25 C. Cls. R., 355; 26 ib., 48; 30 ib., 491, and cases cited. Affirmed by the Supreme Court, 156 U. S. R., 552.)
In brief, it appears from the petition that the Chief of Ordnance informed plaintiffs that the Krag-Jorgensen Company, with whom he had not finished his negotiation, might agree to indemnify them “for losses incurred in the use of the army rifle, whereby plaintiffs would have a remedy against that company, or the Government might proceed.to manufacture ‘ the said army rifle,’ without an agreement of indemnity for infringement from the Krag-J órgensens, when plaintiffs would *164 find a remedy in this court. ” Later, another letter to plaintiffs threw all responsibility on the Krag-Jorgensen Company.
Some effort is made to establish a right in plaintiffs through the Krag-Jorgensen bond to the Government. This bond was given to defendants to indemnify them in case of successful action for infringement arising from use of the Krag-JOrgen-sen device. There are no rights whatever secured to plaintiffs by this bond. They are not privy to it.
Upon the whole case it appears that the Government at no moment recognized any rights in plaintiffs against it, or any responsibility upon its part to them. Quite the contrary. Defendants took an indemnity bond from the Krag-Jorgensens and threw all responsibility for conflicting claims upon them. The case falls within the principle of that of Schillinger. No contract is developed by the allegations of the petition. It is therefore ordered dismissed.